IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK CAMERON and JERI CAMERON, his wife,<br><br>       Plaintiffs,<br><br>       v.<br><br>DELAWARE RACING ASSOCIATION, d/b/a DELAWARE PARK AND RACING, Individually, JOHN DOES 1-10 (fictitious names) as agents, servants and/or Employees of Delaware Racing Assoc. d/b/a Delaware Park and Racing,<br><br>       Defendants. | C.A. No. 12-1130-LPS |

---

Bayard J. Snyder, SNYDER & ASSOCIATES, P.A., Wilmington, DE

    Attorney for Plaintiffs

Thomas J. Gerard, Art C. Aranilla, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Wilmington, DE

    Attorney for Defendants

**MEMORANDUM OPINION**

July 7, 2015
Wilmington, Delaware


**STARK, U.S. District Judge:**

Pending before the Court is Defendant Delaware Racing Association's Motion for Summary Judgment on Liability. (D.I. 72)[1] The parties completed briefing on this motion on April 17, 2015. (D.I. 74, 86, 96) Defendant argues that Delaware law does not recognize a cause of action for recovery based on the facts at hand and, therefore, asks the Court to enter summary judgment on liability in its favor.

## I. BACKGROUND

Plaintiffs Mark Cameron ("Mr. Cameron") and Jeri Cameron (collectively "Plaintiffs") brought this suit against Delaware Racing Association d/b/a Delaware Park and Racing ("Defendant") and its agents, arising from an incident which took place on Defendant's premises on December 31, 2010. (D.I. 14) Mr. Cameron and another patron, Edwin Mitchell ("Mr. Mitchell"), "engaged in a loud verbal alteration at the blackjack table," then both men walked to the exit of the casino, and "[u]pon their exit from the building, Mitchell assaulted Plaintiff, and Plaintiff fell to the ground." (D.I. 74-2 at 4) Plaintiffs allege that while Mr. Cameron "was a lawful business invitee at the above mentioned location, he sustained both serious and permanent injuries when he came into contact with another business invitee who was also on the premises of the Defendant," and that this accident "was due solely to the negligence and carelessness of Defendant." (D.I. 14 ¶¶ 13-14) Such negligence and carelessness includes: failing to warn business invitees of dangerous persons or situations at the location, failing to supervise and train

---

[1] Also pending is a Motion for Partial Summary Judgment on Plaintiff's Lost Wage Claim, which includes a request that the Court preclude the testimony of Plaintiff's expert witnesses, David Black and Jose Castro. (D.I. 73) The Court will hear oral argument on these issues at the pretrial conference scheduled for July 24, 2015.

1

employees so as to prevent dangerous situations from arising, failure to position security personnel throughout the premises, serving alcoholic beverages to intoxicated patrons, failing to diffuse a recognized dangerous situation, and failing to take any reasonable or appropriate steps to prevent injuries to Mr. Cameron. (*Id.* ¶ 16) Furthermore, Plaintiffs allege that the dangerous conditions at the facility "created a reasonably foreseeable risk of the kind of injuries which were incurred by Plaintiff, Mark Cameron" and "Defendant had actual notice or should have known by the exercise of reasonable care, of the existence of dangerous conditions." (*Id.* ¶¶ 17-18)

In its motion, Defendant asserts that because Delaware law "does not enforce a cause of action against a tavern owner for personal injury to a patron (or a third person) resulting from or 'caused' by the voluntary intoxication of the patron," it cannot be held liable for Mr. Cameron's injuries. (D.I. 72 at 2) Defendant argues that because Mr. Cameron's injuries were caused by his own drinking and impaired decision-making, no recognized cause of action provides a basis for any recovery. (*Id.*)

Defendant also contends that the law only imposes liability against landowners when serving alcohol resulted in the impaired person causing injury to a third party, whereas here Mr. Cameron was intoxicated himself. In addition, Defendant asserts that premises liability only extends to protect members of the public "while they are upon the land for such a business purpose." (*Id.* at 3 (citing § 344 *of the Restatement (Second) of Torts*)) Accordingly, Defendant argues that "Plaintiff's and Mitchell's undisputed intent to 'take it outside' precludes the application of Section 344, because their presence on Delaware Park property was no longer related to legitimate/legal business purposes when Plaintiff's injuries occurred." (D.I. 74 at 3) For all these reasons, Defendant requests the Court enter summary judgment in its favor.

2

## II. LEGAL STANDARDS

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). As assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks

3

omitted). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, an don which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the nonmoving party. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

It is uncontested that Delaware law does not recognize "Dram Shop" actions,[2] in which a vendor of alcoholic beverages can be held liable for injuries resulting from a patron's voluntary intoxication. *See Wright v. Moffitt*, 437 A.2d 554 (Del. 1981) (holding that such cause of action does not exist in Delaware under either statutory or common law). Plaintiffs will not be permitted to present any such claims to the jury. In their briefing, Plaintiffs now explain that they

---

[2] "Plaintiffs are mindful that Delaware does not recognize that a server of alcoholic beverages is liable for personal injury to an individual resulting from that person's voluntary intoxication." (D.I. 86 at 2)

4

are proceeding on a theory of premises liability (and not "Dram Shop" liability),[3] such that Defendant may be found liable for the negligence and carelessness which led to Mr. Cameron – as a business invitee – suffering injuries while on Defendant's property.

The Supreme Court of Delaware has held that property owners have a "residual obligation of reasonable care to protect business invitees from the acts of third persons." *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 525 (Del. 1987). Adopting the Restatement standard,[4] the Supreme Court has further explained, "[I]ncidents of criminal activity provide a duty to foresee specific criminal conduct. Whether the conduct of a particular property owner meets the standard of reasonable care is, of course, a matter for jury determination." *Id.* In this instance, the fact of Mr. Cameron's intoxication does not transform his claims into Dram Shop claims, since he has pled a plausible theory of premises liability which is recognized in Delaware.

Defendant asserts this type of "premises liability" claim is not intended to protect Mr. Cameron, as he was intoxicated and therefore "caused" his own injuries, or at least could have avoided the harm. In addition, Defendant argues that Mr. Cameron was no longer a business invitee on its property.[5] Each of these contentions implicates genuine disputes of material facts

---

[3]Plaintiffs acknowledge, as they must, that their complaint alleges a "Dram Shop" liability theory. (*See* D.I. 86 at 2) (conceding that Plaintiffs' amended complaint erroneously alleged a "Dram Shop" cause of action, but that Plaintiffs "are not pursuing a 'Dram Shop' theory of liability against defendant")

[4]Section 344 of the Restatement (Second) of Torts (1965) provides: "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose . . . ."

[5]Defendants argue that "Cameron's agreeing to take his and Mitchell's fist fight/physical altercation outside, and his voluntarily following Mitchell, through the casino to the exit, past several security guards without alerting them or asking for their protection, indicate he was not on Delaware Park property for Delaware Park's business purposes." (D.I. 96 at 3)

5

which preclude granting summary judgment. There is sufficient evidence in the record from which a reasonable jury could find Defendant was negligent or careless, and caused or contributed to Mr. Cameron's injuries. The record demonstrates genuine disputes of material fact over the extent to which Mr. Cameron was responsible for his injuries and whether his actions and presence on Defendant's property rendered him a "business invitee" to which certain protections would extend. Accordingly, summary judgment is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion for summary judgment on liability. An appropriate Order will be entered.